OPINION OF THE COURT
Joan Marie Durante, J.
Motion by defendant Burroughs Wellcome Co. for a protective order directed at plaintiff’s notice for discovery and inspection and plaintiff’s notice to take deposition upon oral examination, both dated September (blank date), 1978.
The notice of motion specifically requests the following items of relief:
*741 "1. Barring the plaintiff from revealing the testimony, documents or other disclosure of the defendant, Burroughs Well-come Co., to anyone other than counsel working on this case, officers of the Court and experts reasonably necessary for the preparation and trial of this Case and;
"2. Directing that all discovery of the defendant Burroughs Wellcome Co., be restricted to the time of plaintiff’s last ingestion of this defendant’s product and;
"3. Requiring that all discovery of the defendant Burroughs Wellcome Co. be held at the main offices of the company at Research Triangle Park, North Carolina and that the parties bear their own costs and;
"4. That all discovery of the defendant Burroughs Wellcome Co. be restricted to those materials pertaining to plaintiff’s specific injury that is, cataracts and;
"5. Requiring that plaintiff return to defendant Burroughs Wellcome Co. at the conclusion of this litigation copies of all materials discovered.”
This is a medical malpractice action involving a claim that plaintiff developed cataracts as a side effect growing out of the therapeutic administration of the ethical pharmaceutical known as Zyloprim. Movant is the manufacturer of this medication.
Discovery and inspection of the new drug application for the drug Zyloprim shall be limited to the specific hazard inherent in plaintiff’s injury, i.e., the development of cataracts; the entire spectrum of possible side effects of this drug is not germane. (Smyth v Upjohn Co., 529 F2d 803.) Branch 4 is accordingly granted.
Similarly, to permit discovery and inspection of the defendant manufacturer’s records to embrace all laboratory testing would be irrelevant and burdensome to the central issue at bar namely the possible effect of Zyloprim in the formation of cataracts of the eyes. Therefore discovery shall be limited to the period between March, 1976 when plaintiff first began taking this drug and Febraury, 1978 when he last used it. Branch 2 is granted.
- Branches 1 and 5 have a rational predicate and are therefore granted. Branch 3 is granted without opposition.
The motion is in all other respects denied.